## In re STEAM VEHICLE CO. OF AMERICA.

### (District Court, E. D. Pennsylvania. April 23, 1903.)

### No. 1,382.

1. BANKRUPTCY—PREFERENCES.

>    To constitute a preference, actual value must have passed from the bankrupt to the creditor in some form. Mere fictitious book entries, although made through collusion between the creditor and the bankrupt for the purpose of deceiving others, but which were unsuccessful, and did not affect the rights of other creditors, do not constitute a preference, nor estop the creditor from denying the prima facie effect of such entries.

In Bankruptcy. On certificate of referee concerning disallowance of claim of the Corbin Banking Company.

Roland S. Morris, for Corbin Banking Co.
R. Stuart Smith, for trustee.

J. B. McPHERSON, District Judge. I am unable to agree with the learned referee's conclusion in this case. No doubt the claimant's agent and an officer of the bankrupt company were parties to a discreditable trick, by which it was sought to deceive the intending purchasers of the bankrupt's property into paying a larger sum than their contract really obliged them to pay; and, if the interest of these purchasers was now involved in the controversy, the questions for decision might be very different. But the intended purchase was never carried out, the purchasers were not in fact deceived, and the present controversy is among the creditors of the bankrupt company, none of whom (except, of course, the claimant) knew anything whatever about the entries made upon the books of the claimant. In this condition of affairs, I do not see upon what ground the banking company can be properly held to have received a preference which it should now surrender before sharing in the fund for distribution. The claimant is not estopped from denying the prima facie effect of the entries upon its books. The elements of estoppel are not present. Upon this point it is enough to say that the other creditors not only did not act to their own prejudice upon such entries, but they did not even know that the entries existed.

Neither, under the provisions of the bankrupt act, can the claimant be properly held to have received a preference. It never received a cent of money or any other consideration on account of the disputed items. No gain has come to it, and no loss has come to the bankrupt, because of what was done; and therefore, as it seems to me, it is impossible to hold that mere juggling with book entries amounts to payment. As I look at the matter, payment means at least that value has passed in some form or other; and the word does not properly embrace a fictitious transaction, such as this, where

no value was intended to pass, and where none was actually transferred. Reprehensible as the conduct under consideration was, and whatever its effect might be in other proceedings, it did not do the slightest harm to the other creditors, and did not take from them any part of the bankrupt's assets.

The exceptions to the report of the learned referee must be sustained, and the claim of the Corbin Banking Company admitted to share in the distribution of the fund.